# EXHIBIT A

COMP
BEN J. BINGHAM, ESQ.
Nevada Bar No. 7280
**BENSON & BINGHAM**
11441 Allerton Park Drive, #100
Las Vegas, NV 89135
litigate@bensonbingham.com
T: 702.382.9797
F: 702.382.9798
Attorneys for Plaintiff

## DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| KENNETH VENTRELLA, | CASE NO. A-12-662029-C |
| Plaintiff, | DEPT. NO. XVI |
| vs. | |
| TRUMP RUFFIN TOWER I, LLC dba TRUMP INTERNATIONAL HOTEL LAS VEGAS; DOES I through XX, inclusive and ROE BUSINESS ENTITIES I through XX, inclusive, | COMPLAINT |
| Defendants. | |

COMES NOW the Plaintiff KENNETH VENTRELLA (hereinafter "Plaintiff"), by and through his counsel of record BEN J. BINGHAM, ESQ. of BENSON & BINGHAM and for his claims of relief against the Defendants, and each of them, alleges and complains as follows:

### JURISDICTION

1. At all times relevant hereto, Plaintiff was and still is a resident of the State of Illinois.

2. At all times relevant hereto, Defendant TRUMP RUFFIN TOWER I, LLC dba TRUMP INTERNATIONAL HOTEL LAS VEGAS (hereinafter "Trump") was and is a foreign limited liability corporation, doing business in Nevada.

3. That the true names and capacities of the defendants, DOES I through XX, inclusive, and ROE BUSINESS ENTITIES I through XX, inclusive, are unknown to the Plaintiff, who therefore, sues said Defendants by said fictitious names. Plaintiff is informed,

201723

believes and therein alleges that each of the Defendants designated as DOE I through XX are in some manner negligently responsible for the events and happenings referred to and caused damages proximately to Plaintiff as herein alleged. Plaintiff is informed, believes and thereon alleges that each of the Defendants designated as DOES I through XX are legally responsible in some manner for the events and happenings herein referred to, and legally and proximately caused injury and damages thereby to Plaintiff as herein alleged. Plaintiff is informed, believes and thereon alleges that Defendants ROE BUSINESS ENTITIES I through XX are legally responsible in some manner for the events and happenings herein referred to, and legally and proximately caused injury and damages thereby to Plaintiff as herein alleged. Plaintiff is informed, believes and therein alleges that each of the Defendants designated as DOES XI through XV and ROE BUSINESS ENTITIES XI through XV are owners, agents, employees, general contractors, sub-contractors, and/or assigns of Defendant, who while within the scope and course of their assigned duty or task with said Defendant, were wholly or partially responsible for the negligence alleged herein. Plaintiff is informed, believes and thereon alleges that Defendants ROE BUSINESS ENTITIES XVI through XX are foreign or domestic manufacturers, suppliers, distributors and/or retailers of the defective goods or components complained of herein and/or are agents otherwise within the stream of commerce as related to the present matter. Defendants designated as DOES XVI through XX are agents, employees and/or assigns of Defendants ROE BUSINESS ENTITIES XVI through XX. Plaintiff is informed, believes and thereon alleges that each of the Defendants designated as a DOE or a ROE BUSINESS ENTITIES are in some manner negligently, vicariously, statutorily, contractually, and/or otherwise responsible for the events and happenings referred to and caused damages proximately to Plaintiff as herein alleged. Plaintiff will ask leave of the Court to amend this Complaint to insert the true names of such Defendants when the same have been ascertained.

## GENERAL ALLEGATIONS

4. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 3 and incorporates the same herein by reference as though fully set forth herein verbatim.

2

5. At all times relevant hereto, particularly on or about July 12, 2010, Defendant Trump owned, operated, worked for, maintained, and/or controlled a certain premises known as the Trump International Hotel Las Vegas at 2000 Fashion Show Drive, City of Las Vegas, County of Clark, State of Nevada.

6. At all times relevant hereto, unknown Defendant ROE BUSINESS ENTITIES X through XX designed, tested, manufactured, assembled, marketed, installed, maintained, and placed a lounge chair used at the Trump International Hotel and into the stream of commerce.

7. At all times relevant hereto, Plaintiff was Defendant's invitee and guest at Trump International Hotel and was upon Defendant Trump's premises.

8. At all times relevant hereto, Plaintiff sat on the subject lounge chair at the pool when, without warning, the seat broke, collapsed and splintered.

9. At all times relevant hereto, Plaintiff violently struck the concrete pool decking and sustained immediate injury.

10. At all times relevant hereto, Plaintiff sustained permanent and significant injuries as a result of Defendants negligence.

11. At all times relevant hereto, Defendant and its employee(s) failed to erect proper warning signs to indicate a dangerous condition.

12. At all times relevant hereto,

### FIRST CAUSE OF ACTION
### (Negligence)

13. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 9 and incorporates the same herein by reference as though fully set forth herein verbatim.

14. At all times relevant hereto, Defendants negligently, carelessly and recklessly cared for the premises as to permit the subject lounge chair to remain on the premises for use, all without warning or notice to guests of the dangerous condition

3

15. At all times relevant hereto, Defendants caused said dangerous condition to exist at the pool of Defendant's premises, and knew, or should have known, of the existence of said dangerous condition that existed on Defendant's premises.

16. At all times relevant hereto, Defendants, and each of them, did not place any warning signs, nor attempt to place any warning to give notice to business invitees of the possible hazard imposed by the rotted lounge chairs at said premises.

17. The failure of Defendants, and each of them, to remove the aforesaid dangerous condition or give adequate warning of the foreseeable risk of harm breached the duty of care owed by the Defendants, and each of them, to their business invitees and, in particular, to Plaintiff.

18. As direct and proximate result of Defendants aforesaid actions, Plaintiff was injured in his health, strength and activity, sustained injury to his body and shock and injury to his person, all of which have caused and will continue to cause Plaintiff pain and suffering.

19. As a direct and proximate result of Defendants aforesaid actions, Plaintiff has incurred and continues to incur emotional distress, pain and suffering, loss of enjoyment of life, lost wages, medical expenses, and possible future medical expenses, all to Plaintiff's general damages in an amount in excess of ten thousand dollars ($10,000.00).

20. As a direct and proximate result of Defendants aforesaid actions, it has been necessary for Plaintiff to retain the law firm of BENSON & BINGHAM to prosecute this action, and Plaintiff is entitled to recover reasonable attorneys' fees and costs.

### SECOND CAUSE OF ACTION
(Vicarious Liability/Joint & Several Liability/Respondeat Superior)

21. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 17 and incorporates the same herein by reference as though fully set forth herein verbatim.

22. At all times relevant hereto, the employee negligently failed to warn Defendant's patrons and invited guests of the dangerous conditions on its premises.

23. At all times relevant hereto, Defendant is liable for the negligent acts of its employee(s), as he was acting while within the scope and course of their agency or assignment with Defendant.

24. At all times relevant herein, the actions of the employee was done with a common purpose and/or joint venture existing between the employee and Defendant, which resulted in the injuries and damages to Plaintiff.

25. That Defendant is/are vicariously liable and/or jointly and severally liable for the negligence and carelessness of the employee, committed while said common purpose and/or joint venture existed between Defendant and the employee, and such negligence which gave rise to Plaintiff's injuries.

26. As direct and proximate result of Defendants aforesaid actions, Plaintiff was injured in his health, strength and activity, sustained injury to his body and shock and injury to his person, all of which have caused and will continue to cause Plaintiff pain and suffering.

27. As a direct and proximate result of Defendants aforesaid actions, Plaintiff has incurred and continues to incur emotional distress, pain and suffering, loss of enjoyment of life, lost wages, medical expenses, and possible future medical expenses, all to Plaintiff's general damages in an amount in excess of ten thousand dollars ($10,000.00).

28. As a direct and proximate result of Defendants aforesaid actions, it has been necessary for Plaintiff to retain the law firm of BENSON & BINGHAM to prosecute this action, and Plaintiff is entitled to recover reasonable attorneys' fees and costs.

### THIRD CAUSE OF ACTION
### (Breach of Implied & Express Warranty)

29. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 28 and incorporates the same herein by reference as though fully set forth herein verbatim.

30. The incomparability reference as though fully set forth herein through the design, testing, manufacture, assembly, marketing, installation, maintenance, and sale of the subject lounge chair, implied warranties of merchantability and fitness for use arose by operation of the Nevada Common Law.

31. The subject lounge chair, including its components and subassemblies, were neither merchantable nor fit for their intended use; and, on the contrary, were defective and unreasonably dangerous due to the breach by Defendants ROE BUSINESS ENTITIES X through XX of the implied warranties of merchantability and fitness for use for the aforementioned reasons.

32. As direct and proximate result of Defendants aforesaid actions, Plaintiff was injured in his health, strength and activity, sustained injury to his body and shock and injury to his person, all of which have caused and will continue to cause Plaintiff pain and suffering.

33. As a direct and proximate result of Defendants aforesaid actions, Plaintiff has incurred and continues to incur emotional distress, pain and suffering, loss of enjoyment of life, lost wages, medical expenses, and possible future medical expenses, all to Plaintiff's general damages in an amount in excess of ten thousand dollars ($10,000.00).

34. As a direct and proximate result of Defendants aforesaid actions, it has been necessary for Plaintiff to retain the law firm of BENSON & BINGHAM to prosecute this action, and Plaintiff is entitled to recover reasonable attorneys' fees and costs.

## FOURTH CAUSE OF ACTION
### (Strict Product's Liability)

35. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 34 and incorporates the same herein by reference as though fully set forth herein verbatim.

36. The Defendants ROE BUSINESS ENTITIES X through XX designed, manufactured and sold the subject lounge chair in a defective and dangerous condition, in that the subject lounge chair failed to prevent Plaintiff from serious injury while utilizing the subject lounge chair in a manner for which it was intended.

37. The Defendant failed to warn a class of people that utilized the subject lounge chair, which included Plaintiff, of the dangerous condition.

38. The subject lounge chair was more dangerous than expected by the consumer due to the dangerous defects in each respective product, making them not market worthy.

39. As direct and proximate result of Defendants aforesaid actions, Plaintiff was injured in his health, strength and activity, sustained injury to his body and shock and injury to his person, all of which have caused and will continue to cause Plaintiff pain and suffering.

40. As a direct and proximate result of Defendants aforesaid actions, Plaintiff has incurred and continues to incur emotional distress, pain and suffering, loss of enjoyment of life, lost wages, medical expenses, and possible future medical expenses, all to Plaintiff's general damages in an amount in excess of ten thousand dollars ($10,000.00).

41. As a direct and proximate result of Defendants aforesaid actions, it has been necessary for Plaintiff to retain the law firm of BENSON & BINGHAM to prosecute this action, and Plaintiff is entitled to recover reasonable attorneys' fees and costs.

WHEREFORE, Plaintiff prays for judgment against the Defendants as follows:

1. For general damages and loss in an amount in excess of $10,000.00;
2. For special damages in an amount to be determined at time of trial;
3. For economic damages in an amount to be determined at time of trial;
4. For prejudgment interest, reasonable attorney's fees and costs; and
5. For such other and further relief as the Court may deem just and proper.

DATED this 17th day of May, 2012.

BENSON & BINGHAM

BEN J. BINGHAM, ESQ.
Nevada Bar No. 7280
11441 Allerton Park Drive, #100
Las Vegas, NV 89135
Attorneys for Plaintiff

7

IAFD
BEN J. BINGHAM, ESQ.
Nevada Bar No. 7280
**BENSON & BINGHAM**
11441 Allerton Park Drive, #100
Las Vegas, NV 89135
litigate@bensonbingham.com
T: 702.382.9797
F: 702.382.9798
Attorneys for Plaintiff

# DISTRICT COURT

## CLARK COUNTY, NEVADA

KENNETH VENTRELLA,

Plaintiff,

vs.

TRUMP RUFFIN TOWER I, LLC dba TRUMP INTERNATIONAL HOTEL LAS VEGAS; DOES I through XX, inclusive and ROE BUSINESS ENTITIES I through XX, inclusive,

Defendants.

CASE NO. _____

DEPT. NO. _____

**INITIAL APPEARANCE FEE DISCLOSURE**

Pursuant to NRS Chapter 19, as amended by Senate Bill 106, filing fees are submitted for parties appearing in the above-entitled action as indicated below.

| | |
|---|---|
| Kenneth Ventrella | $ 270.00 |
| **TOTAL REMITTED** | $ 270.00 |

DATED this 17th day of May, 2012.

BENSON & BINGHAM

_____
BEN J. BINGHAM, ESQ.
Nevada Bar No. 7280
11441 Allerton Park Drive, #100
Las Vegas, NV 89135
Attorneys for Plaintiff

201723