# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| KENNETH VENTRELLA, ) | |
| ) | |
| Plaintiff, ) | Case No. 2:12-cv-01450-LRH-CWH |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| TRUMP RUFFIN TOWER I, LLC, d/b/a/ ) | |
| TRUMP INTERNATIONAL HOTEL ) | |
| LAS VEGAS, ) | |
| ) | |
| Defendant. ) | |
| ) | |

      This matter is before the Court on Defendant's Demand for Cost Bond (#6), filed August 15, 2012.  Plaintiff initially filed his complaint in state court on May 18, 2012.  After service, Defendant removed the matter to this court pursuant to 28 U.S.C. §§ 1332 and 1441.  Plaintiff is seeking damages for injuries allegedly sustained while on Defendant's premises. By way of this motion, Defendant seeks an order requiring Plaintiff to post a non-resident cost bond pursuant to Nevada Revised Statutes ("NRS") 18.130.

      The Federal Rules of Civil Procedure do not contain a provision relating to security of costs.  Nevertheless, it has long been the policy of the United States District Court for the District of Nevada to enforce the requirements of NRS 18.130. *Feagins v. Trump Organization*, 2012 WL 925027 (D. Nev.) (citing *Hamar v. Hyatt Corp.*, 98 F.R.D. 305, 305-06 (D. Nev. 1983); *Arrambide v. St. Mary's Hosp., Inc.*, 647 F. Supp 1148, 1149 (D. Nev. 1986)).  The requirement to provide security in the amount of $500 per defendant applies to each plaintiff, unless the plaintiff can demonstrate indigence. *See Truck Ins. Exchange v. Tetzlaff*, 683 F. Supp. 223, 227 (D. Nev. 1988) (citing *Arrambide*, 647 F. Supp. 1148-49).  Here, Plaintiff filed an adequate security bond in response to Defendant's motion. *See* Pl.'s Resp. (#13).  Consequently, the Court finds that Defendant's request, though appropriate, is now moot.

1      Based on the foregoing and good cause appearing therefore,

2      **IT IS HEREBY ORDERED** that Defendant's Demand for Cost Bond (#6) is **denied as moot**.

4      DATED this 6th day of September, 2012.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**